*Lugo v. Le Pain Quotidien*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

NORBERTO LUGO,

> *Plaintiff-Appellant*,

> v.                                                                      15-1485

LE PAIN QUOTIDIEN,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Norberto Lugo, *pro se*, Bronx, New York. |
| For Defendant-Appellee: | Diane Krebs, Gordon & Rees, LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Norberto Lugo, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Le Pain Quotidien ("LPQ") on his claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Lugo has waived any challenge to his claims of discrimination under Title VII, as well as all claims under the ADEA. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (holding that issues not raised in *pro se* appellate brief are considered abandoned). We consider only his retaliation claim under Title VII.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). We must "resolve all ambiguities and draw all factual inferences in favor of the [non-movant]." *Nationwide Life Ins. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (quoting *Cronin v. Aetna Life Ins.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2

Upon review, we conclude that the district court properly granted summary judgment in favor of LPQ on Lugo's retaliation claim under Title VII. We affirm for substantially the reasons stated by the district court in its thorough April 13, 2015 decision.

On appeal, Lugo also contends that he should have been appointed counsel in the district court proceedings, that he was not permitted to depose certain witnesses, and that he was not advised about how to respond to LPQ's summary judgment motion. Those arguments are unpersuasive. First, he never sought appointment of counsel in the proceedings below, and "a litigant has no legal right to counsel in civil cases." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). Second, nothing suggests that Lugo was deprived of the opportunity to conduct discovery. *See In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("A party must be afforded a meaningful opportunity to establish the facts necessary to support his claim."). In the district court he never raised his concern that additional depositions were necessary. Moreover, LPQ's counsel informed the district court that they never received any discovery requests from Lugo—an assertion that Lugo does not contradict. Third, Lugo was advised of the nature and consequences of summary judgment because a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" and a copy of Federal Rule of Civil Procedure 56 were attached to LPQ's summary judgment motion. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999).

We have considered all of Lugo's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3